**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **S.K.-1**

**No. 24-18** (Kanawha County 21-JA-585)

**MEMORANDUM DECISION**

Petitioner Mother S.K.-2[1] appeals the Circuit Court of Kanawha County's October 23, 2023, order terminating her parental rights to S.K.-1, arguing that the circuit court erred by terminating her parental rights without granting an improvement period.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In October 2021, the DHS filed a petition alleging that the petitioner gave birth to the child in a toilet. Upon the child's admission to the hospital, his umbilical cord tested positive for methamphetamine, amphetamine, fentanyl, norfentanyl, cocaine, THC, benzodiazepine, and tramadol. Furthermore, the child was given antibiotics because of the petitioner's positive screen for syphilis. The petitioner had her parental rights terminated to two older children in prior cases, also due to her substance abuse issues. Therefore, the DHS alleged that the child was abused and neglected. The petitioner waived her right to a preliminary hearing later the same month and tested positive for illicit substances at that time.

In March 2022, the circuit court held an adjudicatory hearing, for which the petitioner was not present but was represented by counsel. Based on testimony of a Child Protective Services ("CPS") worker, which confirmed the allegations in the petition, the court found clear and

---

[1] The petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General James Wegman. Counsel Jennifer R. Victor appears as the child's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Furthermore, because the child and the petitioner share the same initials, we refer to them as S.K.-1 and S.K.-2, respectively.

1

convincing evidence that the child was abused and neglected, and that the petitioner was an abusing parent based upon her substance abuse. The court further found that this case involved aggravated circumstances due to the petitioner's prior terminations. Nevertheless, the court ordered the DHS to provide services to the petitioner including drug screening, substance abuse treatment, parenting education, adult life skills classes, bus passes, and supervised visits in the event the petitioner produced three negative drug screens. The petitioner thereafter filed a written motion for a post-adjudicatory improvement period.

The circuit court proceeded to disposition in August 2022, at which time the DHS and guardian supported termination of the petitioner's parental rights. The petitioner was once again not present but was represented by counsel. Counsel for the petitioner proffered that she had checked into an inpatient substance abuse treatment facility and requested a continuance. Upon calling the facility to verify, counsel reported that the petitioner left the night prior and advised the court that she was aware of the hearing; therefore, the court denied the requested continuance and proceeded to take evidence. A CPS worker testified that the petitioner did not drug screen or visit the child, and only sporadically participated in parenting and adult life skills classes. Reminding the court of the petitioner's prior terminations, the CPS worker stated, "here we are again . . . this is not [the petitioner's] first time." Following this hearing, the petitioner appealed from the circuit court's August 11, 2022, conclusory dispositional order, and this Court vacated and remanded for entry of a sufficient order. *See In re S.K.*, No. 22-709, 2023 WL 6144623, at *3 (W. Va. Sept. 20, 2023) (memorandum decision). On remand, the circuit court entered a new dispositional order on October 23, 2023. In that order, the court found that the DHS made reasonable efforts to achieve reunification despite the presence of aggravated circumstances, yet the petitioner failed to consistently participate or appear for many of the hearings in this matter, including adjudication and disposition. The court further found that the DHS's evidence was uncontroverted and denied the petitioner's motion for an improvement period because she failed to demonstrate that she was likely to participate. Finding no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future and that it was necessary for the welfare of the child, the court terminated the petitioner's parental rights.[3] It is from the October 23, 2023, dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner argues that the circuit court erred by terminating her parental rights without granting an improvement period. Pursuant to West Virginia Code § 49-4-610(2), the court may grant a post-adjudicatory improvement period when, among other things, the petitioner "demonstrates, by clear and convincing evidence, that [she] is likely to fully participate." Despite this evidentiary burden, the petitioner presented no evidence in support of her motion. The petitioner argues that because she checked into a substance abuse treatment facility and "[u]nfortunately . . . left the facility the night before the hearing," she should have been given an opportunity to show that she could successfully complete treatment. We first point out that the court found this case was one of aggravated circumstances due to the petitioner's prior terminations. *See* W. Va. Code § 49-4-604(c)(7)(C) (relieving the DHS of its obligation to

---

[3] The father's parental rights were terminated and the permanency plan for the child is adoption in foster placement.

2

make reasonable efforts to preserve the family when a parent's parental rights to another child have been terminated). Although the DHS was not required to make reasonable efforts in this case, services were nonetheless offered to the petitioner. However, the evidence revealed that the petitioner failed to drug screen, visit the child, or consistently participate in parenting and adult life skills classes. Furthermore, as the court noted, the petitioner did not appear for hearings despite having notice. The petitioner's last-minute entry into substance abuse treatment is insufficient to show a likelihood of improvement, particularly in light of the fact that she left treatment the night before disposition and did not appear for the hearing. It is in the court's discretion to deny an improvement period when no improvement is likely, and we see no abuse of discretion here. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (explaining that the circuit court has discretion to deny an improvement period when no improvement is likely). Furthermore, the record supports the court's findings that that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that termination was necessary for the welfare of the child, and we discern no error in this regard upon our review. *See* W. Va. Code § 49-4-604(c)(6) (allowing circuit courts to terminate parental rights upon such findings). Accordingly, we conclude that termination was appropriate.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 23, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: November 6, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn